UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BIOSONIX, LLC, <br> Plaintiff | CIVIL ACTION NO. 1:17-CV-01387 |
| VERSUS | JUDGE DRELL |
| SPORTS DESIGN AND <br> DEVELOPMENT, INC., *ET AL.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint filed by Plaintiff Biosonix, LLC ("Biosonix") premising federal jurisdiction upon diversity of citizenship (Doc. 1). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted). "[W]hen jurisdiction depends on citizenship,

citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotation omitted) (See also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008)(per curiam). The party invoking subject matter jurisdiction in federal court has the burden of establishing the Court's jurisdiction. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F. 3d 1250, 1253-54 (5th Cir. 1998). In this case, Biosonix bears that burden.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Biosonix alleges Defendant Sports Design and Development, Inc. ("SDD") is a corporation formed under the laws of the State of Louisiana and having its principal place of business in Alexandria, Louisiana. (Doc. 1). SDD is citizen of Louisiana.

Biosonix alleges Defendants Wesley Higgins and Marcia Olson are citizens of Louisiana. (Doc. 1).

Biosonix alleges it is a foreign corporation formed under the laws of the State of Delaware and that its principal place of business is in Texas. (Doc. 1). Biosonix further alleges it is a foreign LLC owned by William H. Lewis ("Lewis"). (Doc. 1). However, while the state of incorporation and principal place of business are sufficient jurisdictional facts to establish a corporation's citizenship, Biosonix is an LLC. (Doc. 1). The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members." Harvey, 542 F.3d at 1079-80. However, Biosonix's Complaint does not allege facts regarding the citizenship of all of the members of Biosonix. (Doc. 1). The citizenship of Biosonix is not clear from the pleadings.

The Court cannot determine from the pleadings whether the parties are diverse in citizenship. Therefore, the existence of federal jurisdiction is in question.

Accordingly,

The Clerk of Court is DIRECTED to serve a copy of this order upon Defendants, Sports Design and Development, Inc., Wesley Higgins, and Marcia Olson, IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than twenty-one (21) days from service of this Order, Plaintiff Biosonix, LLC SHALL FILE: (1) a Jurisdictional Memorandum setting forth specific facts to establish the citizenship of all of the members of Biosonix, LLC, that supports a finding that the parties are diverse in citizenship; and

(2) a motion for leave to amend the jurisdictional allegations of the Complaint pursuant to 28 U.S.C. § 1653 to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Defendants, Sports Design and Development, Inc., Wesley Higgins, and Marcia Olson, will be allowed seven (7) days from receipt of Biosonix's memorandum regarding jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 7th day of November, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge